**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **HATTIE BRAXTON,** | |
| and | |
| **TONY BRAXTON,** | |
| **Plaintiffs**, | |
| v. | |
| **DKMZ TRUCKING INC.,** | Civil Action No.: 4:13-cv-1335 |
| Serve at: Donald G. Tucker | |
| Registered Agent | |
| 4224 Crystal Rd. | **(Personal Injury/Auto – In Excess of** |
| Union City, TN 38261-7462 | **$75,000)** |
| | |
| **FEDEX GROUND PACKAGE SYSTEM INC.,** | **JURY TRIAL DEMANDED** |
| Serve at: The Corporation Company | |
| Registered Agent | |
| 120 S. Central Ave. | |
| Clayton, MO 63105 | |
| | |
| and | |
| | |
| **KENT BIVENS,** | |
| Serve at: 1061 Austin Springs Rd. | |
| Dukedom, TN 38226 | |
| | |
| **Defendants**. | |

## <u>COMPLAINT</u>

Plaintiffs Hattie Braxton and Tony Braxton, for their Complaint against Defendants

DKMZ Trucking Inc., FedEx Ground Package System Inc., and Kent Bivens (collectively

"Defendants"), make the following allegations:

1.      This lawsuit concerns an automobile collision occurring on or about January 11, 2013 when Plaintiff Hattie Braxton's automobile was struck by a tractor-trailer operated by Defendant Kent Bivens while being employed by Defendant DKMZ Trucking Inc. (hereinafter "Defendant DKMZ") and Defendant FedEx Ground Package System Inc. (hereinafter "Defendant FedEx") and acting within the scope of his employment and/or agency. Defendant DKMZ and Defendant Kent Bivens were hired as interstate motor carriers by Defendant FedEx and were acting within the scope of their employment and/or agency. Plaintiff Hattie Braxton suffered serious injuries as a result of the collision.

2.      At all times material hereto, Plaintiff Hattie Braxton is an individual who was and is a citizen and resident of the State of Missouri.

3.      At all times material hereto, Plaintiff Tony Braxton is an individual who was and is a citizen and resident of the State of Missouri.

4.      Plaintiff Tony Braxton is the lawfully wedded spouse of Plaintiff Hattie Braxton.

5.      At all times material hereto, Defendant Kent Bivens (hereinafter "Defendant Bivens") is an individual who was and is a citizen and resident of Tennessee.

6.      At all times material hereto, Defendant DKMZ is a duly organized and existing Tennessee corporation, with its principal place of business located in Tennessee that operates in the state of Missouri and elsewhere as an interstate motor carrier.

7.      At all times material hereto, Defendant FedEx is a duly organized and existing Delaware corporation, with its principal place of business located in Pennsylvania that operates in the state of Missouri and elsewhere as an interstate motor carrier.

8.     Defendant Bivens was at all times material hereto an employee or agent of Defendant DKMZ and Defendant FedEx and was acting in the scope and course of his employment and/or agency for Defendant DKMZ and Defendant FedEx on January 11, 2013

9.     Defendant DKMZ was contracted by Defendant FedEx to act as an interstate motor carrier and was acting in the scope of its employment and/or agency for Defendant FedEx on January 11, 2013.

10.    The claim arises out of an automobile collision that occurred in St. Charles, Missouri on January 11, 2013.

11.    Missouri substantive law applies.

## SUBJECT MATTER JURISDICTION

12.    Plaintiffs Hattie Braxton and Tony Braxton are citizens of the State of Missouri, Defendant Bivens is a citizen of the State of Tennessee, Defendant DKMZ is a corporate citizen of the State of Tennessee, Defendant FedEx is a corporate citizen of the States of Pennsylvania and Delaware, and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

## PERSONAL JURISDICTION

13.    Defendant DKMZ maintains sufficient minimum contacts with the State of Missouri and is subject to personal jurisdiction in Missouri. Defendant DKMZ conducts substantial business in Missouri, including the employment of Defendant Bivens who was working and traveling within the State of Missouri at the time of the automobile collision at issue in this Complaint.

14.    Defendant FedEx maintains sufficient minimum contacts with the state of Missouri and is subject to personal jurisdiction in Missouri. Defendant FedEx conducts

substantial business in Missouri, including the contracting and employment of Defendant DKMZ and Defendant Bivens who were working and operating within the State of Missouri at the time of the automobile collision at issue in this Complaint. Defendant FedEx also maintains a registered agent for process of service within the State of Missouri.

15.     Defendant Bivens maintains sufficient minimum contacts with the State of Missouri and is subject to personal jurisdiction in Missouri. Defendant Bivens was working and traveling within the State of Missouri at the time of the automobile collision at issue in this Complaint.

## VENUE

16.     Venue is proper in the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## FACTUAL ALLEGATIONS

17.     On or about January 11, 2013, Plaintiff Hattie Braxton was driving a 2006 Cadillac CTS (hereinafter "Plaintiff's vehicle") eastbound on Interstate-70 near its intersection with First Capitol Drive, in St. Charles, Missouri.

18.     On or about January 11, 2013, Defendant Bivens was driving a 2012 Volvo tractor-trailer (hereinafter "Defendant Biven's vehicle") eastbound on Interstate-70 near its intersection with First Capitol Drive, in St. Charles, Missouri.

19.     On or about January 11, 2013, Defendant Biven's vehicle was carrying two trailer units and weighed in excess of 26,000 pounds.

20.     On or about January 11, 2013, Defendant Bivens was, at all times, acting as an employee and/or agent for Defendant DKMZ and Defendant FedEx.

21.     On or about January 11, 2013, Defendant DKMZ was, at all times, acting as an employee and/or agent for Defendant FedEx.

22.     On or about January 11, 2013, and at all times relevant hereto, Defendant Biven's vehicle was owned by Defendant DKMZ, and was being operated as part of Defendant Biven's and DKMZ's employment for Defendant FedEx.

23.     On or about January 11, 2013, and at all times relevant hereto, Defendant FedEx contracted for the interstate motor carrier services of Defendant DKMZ and Defendant Bivens.

24.     On or about January 11, 2013, and at all times relevant hereto, Defendant Biven's vehicle was registered and identified as a commercial motor vehicle in the name of Defendant FedEx.

25.     On or about January 11, 2013, while driving eastbound on Interstate-70 in the second lane from the median, Defendant Bivens negligently and improperly followed too closely behind Plaintiff Hattie Braxton's vehicle.

26.     On or about January 11, 2013, Defendant Bivens negligently rammed the front end of his vehicle into the rear end of Plaintiff Hattie Braxton's vehicle.

27.     Plaintiff Hattie Braxton's vehicle was heavily damaged and required a tow truck to remove it from the scene of the accident.

28.     As a result of the collision, Plaintiff Hattie Braxton suffered serious injuries and required immediate emergency medical attention at St. Joseph Health Center in St. Charles, Missouri.

## COUNT I
### (Negligence - Defendants DKMZ, FedEx & Bivens)

29.     Plaintiff Hattie Braxton incorporates the above allegations as though fully set forth herein.

30.     Defendant Bivens was an employee and an agent for Defendant DKMZ and Defendant Bivens was acting within the scope and course of his employment and/or agency for Defendant DKMZ.

31.     Defendant Bivens was an employee and an agent for Defendant FedEx and Defendant Bivens was acting within the scope and course of his employment and/or agency for Defendant FedEx.

32.     Defendant DKMZ was an employee, contractor and agent for Defendant FedEx and Defendant DKMZ was acting within the scope and course of its employment and/or agency for Defendant FedEx.

33.     Defendant Bivens was operating a vehicle owned by Defendant DKMZ.

34.     Defendant Biven's vehicle was registered and identified as a commercial motor vehicle in the name of Defendant FedEx.

35.     Defendants owed a duty to Plaintiff Hattie Braxton and others to exercise the highest degree of care in the operation of the motor vehicle.

36.     The automobile collision at issue was caused by the negligence and carelessness of Defendants in the following respects:

        a.     Defendants operated the vehicle in a careless and reckless manner;

        b.     Defendants failed to maintain a safe distance between their vehicle and Plaintiff's vehicle;

        c.     Defendants failed to keep a careful lookout;

        d.     Defendants failed to attend to the roadway;

        e.     Defendants operated the vehicle at an excessive rate of speed under the circumstances;

        f.        Defendants failed to comply with applicable state and federal regulations regarding the commercial operation of tractor-trailer units; and

        g.        Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

37.     Due to the negligence and carelessness of Defendants, Plaintiff Hattie Braxton was seriously injured.

38.     Due to the negligence and carelessness of Defendants, Plaintiff Hattie Braxton personally sustained and will continue to sustain actual damages, including physical and mental injuries, lost wages, emotional distress, and has become indebted for reasonable and necessary medical care and treatment.

39.     The negligence and carelessness of Defendants as described above showed a complete indifference to or a conscious disregard for the safety of Plaintiff Hattie Braxton and others, thereby justifying an award of punitive damages in such sum as will serve to punish Defendants and deter Defendants, and others, from like conduct in the future.

WHEREFORE Plaintiff Hattie Braxton prays for judgment against Defendants DKMZ, FedEx, and Bivens in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT II
### (Negligence Per Se - Defendants DKMZ, FedEx & Bivens)

40.     Plaintiff Hattie Braxton incorporates the above allegations as though fully set forth herein.

41.     Defendant Bivens was an employee and an agent for Defendant DKMZ and Defendant Bivens was acting within the scope and course of his employment and/or agency for Defendant DKMZ.

42.     Defendant Bivens was an employee and an agent for Defendant FedEx and Defendant Bivens was acting within the scope and course of his employment and/or agency for Defendant FedEx.

43.     Defendant DKMZ was an employee, contractor and agent for Defendant FedEx and Defendant DKMZ was acting within the scope and course of its employment and/or agency for Defendant FedEx.

44.     Defendant Bivens was operating a vehicle owned by Defendant DKMZ.

45.     Defendant Biven's vehicle was registered and identified as a commercial motor vehicle in the name of Defendant FedEx.

46.     Defendants owed a duty to Plaintiff Hattie Braxton and others to exercise the highest degree of care in the operation of the Defendant Biven's vehicle.

47.     The acts and omissions as set forth above constituted violations of the Missouri Revised Statutes regarding the regulation of traffic as set forth with more specificity in Chapter 304 of the Missouri Revised Statutes, including but not limited to: MO. REV. STAT. §§ 304.010, 304.012, 304.014, 304.017, 304.044.

48.     The acts and omissions as set forth herein constituted violations of the Federal Motor Carrier Safety Regulations as set forth in Title 49 of the Code of Federal Regulations, including but not limited to: 49 C.F.R. §§ 385.5, 390.3, 390.11, 391.11, 391.21, 391.27, 392.2, 392.3, 392.6, 392.7, 395.3, 396.11, 396.17.

49.     The subject statutes, codes, and regulations, including the above provisions, are designed to protect Plaintiff Hattie Braxton and members of the public generally from the hazards which arise from the operation of motor vehicles.

50.     Plaintiff Hattie Braxton is within the class of persons protected by the provisions enumerated above and all were designed to prevent the injuries Plaintiff Hattie Braxton sustained.

51.     As a direct and proximate result of Defendants' violations of the provisions enumerated above, Plaintiff Hattie Braxton was seriously injured.

52.     Due to the negligence and carelessness of Defendants, Plaintiff Hattie Braxton personally sustained and will continue to sustain actual damages, including physical and mental injuries, lost wages, emotional distress, and has become indebted for reasonable and necessary medical care and treatment.

53.     The negligence and carelessness of Defendants as described above showed a complete indifference to or a conscious disregard for the safety of Plaintiff Hattie Braxton and others, thereby justifying an award of punitive damages in such sum as will serve to punish Defendants and deter Defendants, and others, from like conduct in the future.

WHEREFORE Plaintiff Hattie Braxton prays for judgment against Defendants DKMZ, FedEx, and Bivens in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

### COUNT III
**(Negligence - Defendant DKMZ)**

54.     Plaintiff Hattie Braxton incorporates the above allegations as though fully set forth herein.

9

55.     Defendant Bivens was an employee and an agent for Defendant DKMZ and Defendant Bivens was acting within the scope and course of his employment and/or agency for Defendant DKMZ.

56.     Defendant Bivens was operating a vehicle owned by Defendant DKMZ.

57.     The above-mentioned collision occurred as a direct and proximate result of the negligent and careless acts and/or omissions of Defendant DKMZ in the following respects:

a.      Defendant DKMZ was negligent in its hiring of Defendant Bivens;

b.      Defendant DKMZ was negligent in its retention of Defendant Bivens;

c.      Defendant DKMZ was negligent in its supervision of Defendant Bivens;

d.      Defendant DKMZ was negligent in its training of Defendant Bivens;

e.      Defendant DKMZ was negligent in its maintenance of the tractor-trailer truck which was being operated by Defendant Bivens on or about January 11, 2013; and

f.      Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

58.     As a direct and proximate result of the negligence and recklessness of Defendant DKMZ, Plaintiff Hattie Braxton was seriously injured.

59.     Due to the negligence and carelessness of Defendant DKMZ, Plaintiff Hattie Braxton personally sustained and will continue to sustain actual damages, including physical and mental injuries, lost wages, emotional distress, and has become indebted for reasonable and necessary medical care and treatment.

60.     The negligence and carelessness of Defendant DKMZ as described above showed a complete indifference to or a conscious disregard for the safety of Plaintiff Hattie Braxton and others, thereby justifying an award of punitive damages in such sum as will serve to punish

Defendant DKMZ and deter Defendant DKMZ, and others, from like conduct in the future.

WHEREFORE Plaintiff Hattie Braxton prays for judgment against Defendant DKMZ in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT IV
### (Negligence - Defendant FedEx)

61.    Plaintiff Hattie Braxton incorporates the above allegations as though fully set forth herein.

62.    Defendant Bivens was an employee and agent for Defendant FedEx and Defendant Bivens was acting within the scope and course of his employment and/or agency for Defendant FedEx.

63.    Defendant DKMZ was a contractor, employee and an agent for Defendant FedEx and Defendant DKMZ was acting within the scope and course of its employment and/or agency for Defendant FedEx.

64.    Defendants DKMZ and Bivens were operating a commercial motor vehicle registered and identified in the name of Defendant FedEx.

65.    The above-mentioned collision occurred as a direct and proximate result of the negligent and careless acts and/or omissions of Defendant FedEx in the following respects:

      a.    Defendant FedEx was negligent in its hiring and contracting of Defendant DKMZ and Defendant Bivens;

      b.    Defendant FedEx was negligent in its retention of Defendant DKMZ and Defendant Bivens;

      c.    Defendant FedEx was negligent in its supervision of Defendant DKMZ

and Defendant Bivens;

d.      Defendant FedEx was negligent in its maintenance of the tractor-trailer truck which was being operated by Defendant DKMZ and Defendant Bivens on or about January 11, 2013; and

e.      Such further negligent and careless acts and omissions as the evidence and discovery will reveal.

66.     As a direct and proximate result of the negligence and recklessness of Defendant FedEx, Plaintiff Hattie Braxton was seriously injured.

67.     Due to the negligence and carelessness of Defendant FedEx, Plaintiff Hattie Braxton personally sustained and will continue to sustain actual damages, including physical and mental injuries, lost wages, emotional distress, and has become indebted for reasonable and necessary medical care and treatment.

68.     The negligence and carelessness of Defendant FedEx as described above showed a complete indifference to or a conscious disregard for the safety of Plaintiff Hattie Braxton and others, thereby justifying an award of punitive damages in such sum as will serve to punish Defendant FedEx and deter Defendant FedEx, and others, from like conduct in the future.

WHEREFORE Plaintiff Hattie Braxton prays for judgment against Defendant FedEx in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT V
### (Loss of Consortium – Defendants DKMZ, FedEx & Bivens)

69.     Plaintiff Tony Braxton incorporates the above allegations as though fully set forth herein.

70.     Plaintiff Tony Braxton is and was the lawfully wedded spouse of Plaintiff Hattie Braxton.

71.     As a direct result of the conduct of Defendants as described above, Plaintiff Tony Braxton sustained the loss of services, society, companionship, consortium of his wife. He has also sustained expenses for necessary medical care, treatment, and services received by his wife. Plaintiff Tony Braxton will continue to sustain such losses in the future.

WHEREFORE Plaintiff Tony Braxton prays for judgment against Defendants DKMZ, FedEx, and Bivens in a sum in excess of seventy-five thousand dollars ($75,000.00) together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

Respectfully Submitted,

**THE SIMON LAW FIRM, P.C.**

By: /s/   John G. Simon 35231MO
        John G. Simon #35231MO
        Kevin M. Carnie Jr.  #60979MO
        800 Market Street, Suite 1700
        St. Louis, MO 63101
        (314) 241-2929
        Fax: (314) 241-2029
        jsimon@simonlawpc.com
        kcarnie@simonlawpc.com

*Attorneys for Plaintiffs*