UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HATTIE BRAXTON and TONY BRAXTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 4:13-cv-1335-JCH |
| | ) | |
| DKMZ TRUCKING , INC., | ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC, | ) | |
| and KENT BIVENS | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Joint Motion to Dismiss Count II of Plaintiffs' First Amended Complaint, Joint Motion to Dismiss Count III of Plaintiffs' First Amended Complaint, and Joint Motion to Dismiss Count IV of Plaintiffs' First Amended Complaint (collectively, the "Motions to Dismiss"). The Motions to Dismiss request dismissal of portions of Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motions have been fully briefed and are ready for disposition.

**BACKGROUND[1]**

"On or about January 11, 2013, Defendant [Kent] Bivens was driving a 2012 Volvo tractor-trailer [the "Truck"] eastbound on Interstate-70 near its intersection with First Capitol Drive, in St. Charles, Missouri." (First Amended Complaint, ("First Amd. Compl.") ¶ 16). The Truck "was carrying two trailer units and weighed in excess of 26,000 pounds." (*Id.* at ¶ 17). Bivens was allegedly driving the Truck in the course and scope of his employment with Defendant DKMZ Trucking, Inc. (*Id.* at ¶¶ 6). The Truck was owned by DKMZ and "was registered and identified as a commercial motor vehicle in the name of

---

[1] For purposes of ruling on these Motions to Dismiss, this Court takes the factual allegations in Plaintiffs' First Amended Complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Defendant FedEx." (*Id.* at ¶¶ 31, 22). FedEx had "contracted for the interstate motor carrier services of Defendant DKMZ and Defendant Bivens." (*Id.* at ¶ 21).

At the time that Defendant Bivens was driving on Interstate-70 at the First Capitol Drive Intersection, Plaintiff Hattie Braxton was driving a 2006 Cadillac CTS in front of him. (*Id.* at ¶¶ 15, 23, 24). Bivens was following too closely behind Ms. Braxton's car. (*Id.* at ¶ 23). He was also driving too fast, and he allegedly failed to pay close enough attention to what was happening on the road. (*Id.* at ¶ 34). Bivens rear-ended Ms. Braxton's car. (*Id.* at ¶ 24). Ms. Braxton was seriously injured and taken to St. Joseph Health Center in St. Charles. (*Id.* at ¶ 26). Her car also sustained serious damage. (*Id.* at ¶ 25).

Plaintiffs Hattie Braxton and Tony Braxton filed their initial Complaint in this matter on July 12, 2013, asserting federal subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No.1) They then filed their First Amended Complaint on July 18, 2013. (ECF No. 5). Defendants filed separate answers to the First Amended Complaint on August 23, 2013. (ECF Nos. 16-18). That same day, Defendants filed the instant Motions to Dismiss together with memoranda in support of those motions. (ECF Nos. 19-24). Briefing on the Motions to Dismiss was completed on September 16, 2013, when Defendants filed their replies to Plaintiffs' memoranda in opposition to the Motions to Dismiss. (ECF Nos. 26-28, 32-34).

## MOTION TO DISMISS STANDARD

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face*." Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

2

Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965 (citations omitted).

## DISCUSSION

I. **Count II**

Count II of Plaintiffs' First Amended Complaint claims negligence *per se* against Defendants DKMZ, FedEx, and Bivens. (First Amd. Compl. Count II). Under Missouri law, "[n]egligence *per se* 'is a form of ordinary negligence that results from the violation of a statute.'" *Lowdermilk v. Vescovo Building and Realty Co.*, 91 S.W.3d 617, 628 (Mo. Ct. App. 2002) (quoting 57A Am. Jur. 2d *Negligence* § 727 (1989)). There are four requirements for negligence *per se* claim in Missouri:

> 1) a violation of a statute or ordinance; 2) the injured party must be within the class of persons intended to be protected by the statute or ordinance; 3) the injury complained of must be of the nature that the statute or ordinance was designed to prevent; and 4) the violation of the statute or ordinance must be the proximate cause of the injury."

*Business Men's Assurance Co. of America v. Graham*, 891 S.W.2d 438 (Mo. Ct. App. 1994). The statute itself must specifically prohibit some action such that it rises above the level of "a general hypothesis of negligence." *McIntyre v. Whited*, 440 S.W.2d 449 (Mo. 1969).

Plaintiffs present a facially plausible claim for negligence *per se*. Plaintiffs point to at least two sections of the Missouri Revised Statutes in support of their negligence *per se* claim. Section 304.010 sets a speed limit of sixty miles per hour on urban expressways, and section 304.044 states that drivers must maintain at least 300 feet between themselves and any car in front of them. (First Amd. Compl. ¶ 45; Memorandum in Opposition to Motion to Dismiss Count II at 3-4). These sections are sufficiently specific for a statutory duty of care in Missouri. To support their negligence *per se* theory, Plaintiffs make the factual allegations that Defendant Bivens "failed to maintain a safe distance" and "operated the vehicle at an excessive rate of speed under the circumstances." (First Amd. Compl. ¶ 34). These factual

allegations, combined with the remainder of the factual allegations related to the accident, are sufficient to raise Plaintiffs' negligence *per se* claim into the realm of plausibility.

**II.    Count III**

Count III contains several theories of relief against Defendant DKMZ, each of which must be examined separately in order to determine whether the Count can survive this Motion to Dismiss.

   *A. Negligent Hiring and Retention*

Plaintiffs allege in Count III that Defendant DKMZ was negligent in its hiring and retention of Defendant Bivens. (First Amd. Compl. ¶ 55). A negligent hiring claim in Missouri "turns on whether there are facts from which the employer knew or should have known of a particular dangerous proclivity of an employee followed by employee misconduct consistent with such dangerous proclivity by the employee." *McHaffie By and Through McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. 1995). The negligent retention claim is basically the same but relates to the act of retaining an already hired employee rather than the initial act of hiring. *Reed v. Kelly*, 37 S.W.3d 274, 277-78 (Mo. Ct. App. 2000). Absent some dangerous proclivity of the employee and knowledge of that proclivity on the part of the employer, then, a plaintiff cannot maintain a negligent hiring or retention claim.

Plaintiffs here make no factual allegations that would support a negligent hiring or retention claim. The only facts alleged relate to the events of January 11, 2013. (First Amd. Compl. ¶¶ 15-34). There is no suggestion that Defendant Bivens has or had any dangerous proclivities, and there is therefore nothing to support a claim that Defendant DKMZ knew of such a proclivity. Indeed, Plaintiffs do not even attempt a "formulaic recitation of the elements" of their cause of action. *Cf. Twombly*, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action will not do"). They simply state that "Defendant DKMZ was negligent in its hiring of Defendant Bivens [, and] Defendant DKMZ was negligent in its retention of Defendant Bivens." (First Amd. Compl. ¶ 55). These one-line legal conclusions, unsupported by relevant

factual allegations, do not state a facially plausible claim that Defendant DKMZ was negligent in hiring or retaining Defendant Bivens.

### B. Negligent Supervision

Plaintiffs next claim in Count III that Defendant DKMZ negligently supervised Defendant Bivens. (First Amd. Compl. ¶ 55). Missouri defines negligent supervision, in part, as the duty of a master

> to exercise reasonable care so to control his servant while acting *outside the scope of his employment* as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them if (a) the servant . . . (ii) is using chattel of the master, and (b) the master (i) knows or has reason to know that he has the ability to control his servant, and (ii) knows or should know of the necessity and opportunity for exercising such control.

*Gibson v. Brewer*, 952 S.W.2d 239 (Mo. 1997) (*en banc*) (quoting Restatement (Second) of Torts § 317 (1965)) (emphasis added).

Plaintiffs have alleged that Defendant Bivens was acting within the scope of his employment with DKMZ, and Defendants DKMZ and FedEx, the only parties who would benefit from a denial of that allegation, have both admitted it to be true. (First Amd. Compl ¶ 6; Defendant DKMZ Answer ¶ 6; Defendant FedEx Answer ¶ 6). There is thus no contention here that Bivens was acting outside the scope of his employment, and a negligent supervision claim is consequently inappropriate.

### C. Negligent Training

Plaintiffs next bring a claim against Defendant DKMZ that it was negligent in its training of Defendant Bivens. (First Amd. Compl. ¶ 55). Negligent training under Missouri law is a variant of ordinary negligence. *Garrett v. Albright*, 2008 WL 795621, at *5 (W.D. Mo. 2008) (March 21, 2008). Plaintiffs must therefore show:

> (1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; (4) actual damages to the plaintiff's person or property.

*Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc.*, 700 S.W.2d 426, 431 (Mo. 1984) (*en banc*). The Court again notes that the only factual allegations made relate to the accident that occurred on January 11, 2013. (First Amd. Compl. ¶¶ 15-34). There is not a single fact related to Defendant DKMZ's training of Defendant Bivens. The negligent training claim is therefore not facially plausible.

### D. Negligent Maintenance of Tractor-Trailer

Plaintiffs' final claim against Defendant DKMZ in Count III is that DKMZ was negligent in its maintenance of the tractor-trailer involved in the accident. (First Amd. Compl.¶ 55). Missouri courts analyzing negligent maintenance claims seem to approach them as a variation of ordinary negligence. *See, e.g.*, *Edwards v. Shelter Mutual Insurance Co.*, 280 S.W.3d 159, 163-64 (Mo. Ct. App. 2009). As with the other claims listed under Count III, Plaintiffs put forward no factual allegations that would support a negligent maintenance claim.

### III. Count IV

*A. Negligent Hiring, Retention, and Maintenance*

In Count IV, Plaintiffs bring against Defendant FedEx claims that FedEx negligently hired and retained Defendants DKMZ and Bivens, negligently supervised Defendants Bivens and DKMZ, and negligently maintained the tractor-trailer involved in the accident. (First Amd. Compl. ¶ 63). These claims contain the same flaws contained in the parallel Count III claims against Defendant DKMZ. There are simply no factual allegations to support the claims, and they therefore are not facially plausible.

*B. Negligent Contracting*

The final claim brought against Defendant FedEx is that FedEx was negligent in contracting with Defendants DKMZ and Bivens. (First Amd. Compl. ¶ 63). Missouri cases do not recognize or set forth the elements of a claim for "negligent contracting," nor does the Restatement of Torts contain such a cause of action. Plaintiffs make no attempt explain their asserted cause of action, (First Amd.Compl. ¶ 63;

6

Memorandum in Opposition to Motion to Dismiss Count IV), and the Court finds that the facts alleged fail to support a negligence claim related to FedEx's act of contracting.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count II is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Count III is **GRANTED**, and Count III of Plaintiffs' First Amended Complaint is **DISMISSED**.

**IT IS FINALLY ORDERED** that Defendants' Motion to Dismiss Count IV is **GRANTED**, and Count IV of Plaintiffs' First Amended Complaint is **DISMISSED**.

Dated this 16th Day of December,2013

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE